# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| DONALD CRAIG, deceased, by Administrator of Estate, DONNA BRIDGEMAN, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 07-2149-STA |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment (D.E. # 22) filed on June 18, 2008. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

This premises liability action was filed against the United States for injuries sustained by Plaintiff-Decedent Donald Craig at the Veterans Administration Hospital, Memphis, Tennessee ("the VA"). Mr. Craig was a patient at the VA when he suffered a fall in a restroom on July 6, 2004. Mr. Craig was confined to a wheelchair and claimed that the safety grab bar in the restroom pulled loose from the wall while he was utilizing the bar for support. As a he result, Mr. Craig fell to the floor and sustained a broken hip, which required surgery and a painful recovery. Mr. Craig continued to have difficulty caring for himself and appears to have lived in nursing homes for the rest of his life. Mr. Craig filed suit to recover only for his pain and suffering, not economic damages. In his Complaint, Mr. Craig alleged that the VA was liable for its failure to maintain its premises in a reasonably safe condition and that the VA was negligent

1

in its failure to supervise and care for him.[1]  Mr. Craig's daughter Donna Bridgeman, the administrator of his estate, has maintained the suit since Mr. Craig's passing.

The United States filed the instant Motion arguing that Plaintiff cannot make out a prima facie case of negligence against the United States.  Specifically, the Government contends that there is no evidence that the VA or any of its staff had notice, actual or constructive, of any danger or defect relating to the grab bar.  The Government argues that neither it nor its agents designed or constructed the VA, so it cannot be charged with actual notice of the condition of the grab bar.  Furthermore, the Government points to the affidavit of Beverly J. Love, R.N., a nurse manager at the VA, who averred that she inspected the restroom where Mr. Craig fell upon the re-opening of that unit sometime in late June or early July 2004.  As this was a matter of days before Mr. Craig's fall, the United States suggests that it had no actual or constructive notice of any dangerous or defective condition in the restroom.  The Government also claims that Plaintiff has not named a medical expert as required under Tennessee law to prove medical negligence in the care of Mr. Craig.  Therefore, the United States seeks summary judgment as to all of Plaintiff's claims.

Plaintiff has responded in opposition to the Motion before the Court.  Plaintiff insists that contrary to the Government's contentions, issues of material fact exist in this case making summary judgment inappropriate.  The United States has failed to meet its initial burden to prove the absence of any "critical disputed facts in the first place."  Plaintiff argues that Tennessee law discourages summary judgment in negligence cases.  While Plaintiff never clearly articulates it,

---

[1] In her Response to the Motion for Summary Judgment, Plaintiff states that the VA "was negligent in placing Mr. Craig in a unit not equipped for his handicap needs."  Pl.'s Memo. in Support 6.

Plaintiff's theory of the case appears to be that the United States created the dangerous or defective condition of the grab bar. In responding to the Government's Statement of Facts, Plaintiff disputes the Government's contention that the premises were neither designed nor constructed by an agent of the United States. Rather Plaintiff asserts that the architect and construction firms working on the VA were agents of the Government.[2] Therefore, it appears that Plaintiff is arguing that the Government through its agents created the dangerous condition of the grab bar or at least had actual notice of its condition. Additionally, Plaintiff alleges that the Government was medically negligent in failing to carry out proper inspections of the restroom as well as placing Mr. Craig in a unit ill-equipped to meet his need for special facilities.

Without further citation to the record, Plaintiff asserts that "the statements of Ms. Bridgeman" demonstrate the existence of issues of material fact. In fact, Plaintiff attached no "pleadings, depositions, answers to interrogatories, and admissions on file" or any affidavits to her Response to the Motion. Plaintiff did produce a document titled "Interview of Donald Craig Regarding His Non-Med Mal Claim, by: Tammy Kennedy, Date of Interview: January 9, 2006" ("the interview"). The interview purports to be the transcript of an interview between Tammy Kennedy, a VA investigator, and Mr. Craig and his daughter Ms. Bridgeman.[3] However, the document is not authenticated in any way; absent are any sworn witnesses to the transcript either a court reporter or the interview participants themselves. In short, there is no attestation that

---

[2] Pl. Memo. in Support 2-3. Plaintiff did not cite a source for this information nor, more importantly, legal authority for the proposition that the firms were agents of the United States. The Government did attach its Responses to Interrogatories Propounded by Plaintiff where it identified these firms.

[3] Based on the final page of the interview, it appears that counsel for Plaintiff was also present during the interview.

would satisfy the admissibility standard of Rule 56(c) or the Federal Rules of Evidence.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) provides that

> [J]udgment . . . should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.[4]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party.[5] When the motion is supported by documentary proof such as depositions and affidavits, the non-moving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[6] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[7] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the non-moving party is entitled to a verdict.[8] "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[9] In this Circuit, "this requires the non-moving

---

[4] Fed. R. Civ. P. 56(c); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[6] *Celotex*, 477 U.S. at 324.

[7] *Matsushita*, 475 U.S. at 586.

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[9] *Id.* at 247-48.

party to 'put up or shut up' [on] the critical issues of [the] asserted causes of action."[10] Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[11] However, it is improper for the Court to "make credibility determinations or weigh the evidence" at the summary judgment stage.[12]

## ANALYSIS

When viewing all of the evidence before the Court in the light most favorable to Plaintiff, the Court finds that Defendant is entitled to summary judgment as a matter of law. Plaintiff has failed to met her burden as to the elements of the prima facie cases for both premises liability negligence and medical malpractice. Therefore, the Motion for Summary Judgment is **GRANTED**.

### A. Premises Liability - Negligence

Plaintiff's claims against the United States are brought pursuant to the Federal Tort Claims Act ("FTCA") which is a limited waiver of sovereign immunity for the United States and renders it liable in tort.[13] Cases filed under the FTCA require the Court to apply the substantive

---

[10] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[11] *Celotex*, 477 U.S. at 322.

[12] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[13] *Arrington v. U.S.*, 2005 WL 3533441, *2 (W.D. Tenn. 2005) (citing *United States v. Taylor,* 236 F.2d 649 (6th Cir. 1956)).

law of the state where the act or omission occurred.[14] It is undisputed in this case that the substantive law of Tennessee, particularly its law of premises liability, should apply.

The parties also agree on the elements required to prove a claim of negligence under Tennessee law: (1) a duty of care owed by defendant to plaintiff; (2) breach of the duty; (3) injury or loss; (4) causation in fact; and (5) proximate causation.[15] In the premises liability context, a premises owner has the duty "to exercise reasonable care to its business invitees to make the premises safe."[16] Premises owners are not, however, "the insurers of their patrons' safety."[17] In addition to the premises owner's general duty of care, a plaintiff must make the showing that the premises owner had notice of a dangerous or defective condition on the premises.[18] The plaintiff can accomplish this by showing either that : "(1) the condition was caused or created by the owner, operator, or his agent; or (2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident."[19]

Under Tennessee law, "summary judgment is a proper mechanism with which to evaluate

---

[14] *Massachusetts Bonding & Insurance Co. v. United States,* 352 U.S. 128, 77 S.Ct. 186, 1 L.Ed.2d 189 (1956).

[15] *West v. East Tennessee Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005).

[16] *Kenning v. HCA Health Services of Tennessee, Inc.*, 1999 WL 1206697, *4 (Tenn. Ct. App. 1999) (citing *Eaton v. McLain,* 891 S.W.2d 587, 593 (Tenn.1994)).

[17] *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004).

[18] *Id*.

[19] *Id*.

the 'duty' component of a negligence claim ...."[20] "For a negligence case to go before a jury, the plaintiff has the burden to present facts sufficient to establish the necessary elements of negligence."[21] Summary judgment is appropriate where a plaintiff fails "to allege or prove facts sufficient to establish" any element of a negligence cause of action.[22] It is on the "notice" element that Plaintiff has failed to carry her burden to establish her prima facie case.

      The United States has argued that it cannot be charged with notice and, therefore, did not have a duty to Mr. Craig as to the condition of the grab bar. First, the Government argues that Plaintiff cannot show that the Government caused or created the unsafe condition because it did not design or construct the restroom in which Mr. Craig fell. Plaintiff seems to respond that the architecture firm which designed the VA and the construction firm which built the VA were "agents" of the Government for purposes of Tennessee law. Unfortunately, Plaintiff has cited no case law in support of this proposition. Even more, Plaintiff has not attached the deposition or any other admissible evidence which would establish the role these firms had in the design and construction of the VA, and more specifically, the restroom facility where Mr. Craig fell. The Court notes that Defendant's Responses to Plaintiff's Interrogatories ("interrogatories"), which were filed by Defendant and not Plaintiff, show that the VA was constructed in 1967. However, nothing in the record establishes that the restroom with its accommodations for wheelchair-bound users such as Mr. Craig was built with a grab bar like the one in question in 1967, more than two decades prior to the passage of the Americans with Disabilities Act, by the firms

---

[20] *Coln v. City of Savannah,* 966 S.W.2d 34, 43 (Tenn.1998).

[21] *Doe v. Linder Const. Co., Inc.,* 845 S.W.2d 173, 183 (Tenn.1992).

[22] *Id.* (quoting *Tedder v. Raskin,* 728 S.W.2d 343, 349 (Tenn. Ct. App.1987).

identified in the interrogatories. Even if the restroom was built with the same kind of grab bar in 1967, nothing in the record goes to show that the grab bar which came loose in 2004 was the same grab bar installed back in 1967 by the firms identified in the interrogatories. In short, Plaintiff has utterly failed to adduce any evidence from which a reasonable juror might find that the Government or its agent had caused or created the dangerous condition of the grab bar.

As for the second type of notice, Plaintiff has likewise fallen short in establishing that the Government had actual or constructive notice that the condition existed prior to the accident. To the contrary, the Government has produced an affidavit from Nurse Love that establishes that the grab bar which failed Mr. Craig was inspected only days prior to his fall. Nurse Love has averred that

> In late June 2004 or early July 2004, I performed an inspection of all the rooms in Unit 1D. Prior to that time, Unit 1D had been closed, and I performed my inspection in connection with reopening that part of the hospital. In performing this sort of inspection, it was my routine practice to take hold of restroom grab bars and determine if they were loosely mounted.
>
> In my inspection of Unit 1D, I looked for broken items or items in disrepair that would be a safety hazard. I observed nothing that was broken or in disrepair in the restroom where Mr. Craig later fell.[23]

Mr. Craig's accident occurred on July 6, 2004 in one of the same restrooms inspected by Nurse Love. Plaintiff has made no attempt in responding to the Motion for Summary Judgment to establish that the United States had actual or constructive notice of the defective condition of the grab bar. Even though the unauthenticated interview produced by Plaintiff mentions several VA employees including Nurse Love by name, Plaintiff has not produced any admissible deposition or affidavit evidence to refute the affidavit produced by Defendant. Plaintiff has not

---

[23] Love Aff. ¶¶ 2, 3.

adduced any admissible evidence which would establish how long the grab bar was in its dangerous or defective condition or how it came to be in that condition. Plaintiff has offered no evidence concerning the procedures in place at the VA to inspect or maintain the premises periodically for dangerous conditions. Where a plaintiff in a premises liability suit can produce no evidence about how long a dangerous condition has existed or how it came to exist, summary judgment is appropriate under Tennessee law.[24] Therefore, for Plaintiff's failure to establish the notice element of her prima facie case, the Court rules that the Government is entitled to summary judgment as to Plaintiff's premises liability claim.

**B. Medical Malpractice**

Plaintiff has alleged in the alternative that the VA was negligent in its failure to supervise and care for Mr. Craig. Plaintiff contends that the VA had assigned Mr. Craig to an area which was not equipped to meet his needs as a person confined to a wheelchair. The issue then is whether Plaintiff is required to present medical expert opinion testimony to establish that the VA was negligent in its supervision of Mr. Craig. The Government argues that Tenn. Code Ann. § 29-26-115 requires Plaintiff to identify a medical expert who will testify on the local standard of care, the breach of that standard, and causation of Mr. Craig's injury. According to the Government, Plaintiff has identified only Mr. Craig's treating physicians at the VA. In response Plaintiff has stated that she was informed by a VA nurse that Mr. Craig "should not have been in

---

[24] *Jones v. Zayre, Inc.*, 600 S.W.2d 730, 732 (Tenn. Ct. App. 1980) (finding that directed verdict was appropriate in negligence case where plaintiff testified that "she had no idea how long the [dangerous condition] had been on the floor or how it got there. She stated it could have been [created] by an individual walking immediately in front of her").

that unit because it was not equipped for his handicap needs." Plaintiff cites only the unauthenticated interview of Mr. Craig where Mrs. Bridgeman states that either Nurse Love or another nurse Mrs. Burke informed her that Mr. Craig should not have been on that floor at that time. However, Plaintiff does not address the Government's argument that Tennessee law requires her to offer expert opinion testimony about the standard of care.

Tennessee's Medical Malpractice Act, Tenn. Code Ann. § 29-26-115, places the burden on a malpractice claimant to prove by expert testimony the following factors: (1) the recognized standard of acceptable professional practice in the community in which the defendant practices at the time of the alleged injury; (2) that the defendant breached the standard of acceptable professional practice; and (3) that the plaintiff's injuries were the proximate result of defendant's breach.[25] Tennessee courts have addressed a variety of situations where patients suffered injuries while receiving treatment at a hospital and alleged that the hospital staff negligently failed to supervise.[26] Medical expert testimony is required where a plaintiff attempts to impose a duty on a defendant based on the plaintiff's medical condition.[27] Tennessee law does recognize a "common knowledge" exception to the expert testimony requirement. "Causation must be proved by expert testimony unless the matter is within the common knowledge of lay persons."[28]

---

[25] Tenn. Code. Ann. § 29-26-115.

[26] *E.g., Graniger v. Methodist Hospital Healthcare Systems, Inc.*, 1994 WL 496781 (Tenn. Ct. App. 1994) (claimant suffered broken arm while getting up from examination table unattended); *Murphy v. Schwartz*, 739 S.W.2d 777 (Tenn. Ct. App. 1986) (patient injured after falling from emergency room cot); *Tucker v. Metropolitan Government*, 686 S.W.2d 87 (Tenn. Ct. App. 1984) (patient killed by car after awakening unattended on emergency room stretcher and fleeing hospital).

[27] *Graniger*, 1994 WL 496781 at *3.

[28] *Age v. HCA Health Svcs. of Tn., Inc.*, 2002 WL 1255531, *2 (Tenn. Ct. App. 2002).

However, the "common knowledge" exception only applies in situations so blatant "that all mankind knows that such things are not done absent negligence."[29]

The Court holds that under Tennessee law Plaintiff is required to present medical expert opinion testimony to establish that the VA was negligent in its supervision of Mr. Craig. Plaintiff has alleged that the VA owed Mr. Craig a duty based on Mr. Craig's disability and confinement to a wheelchair. By virtue of this allegation implicating Mr. Craig's medical condition, Plaintiff has stated a claim for medical malpractice, thus requiring medical expert testimony. Furthermore, under Tennessee law medical expert testimony is needed because the care and supervision of an individual confined to a wheelchair is not within the common knowledge of a lay person.[30] Plaintiff has submitted unauthenticated interview evidence that Mr. Craig was assigned to an area of the VA where his needs as a person confined to wheelchair could not have been met. Even if the Court accepted this unsupported contention, this allegation alone is not so blatant as a matter of law "that all mankind knows that such things are not done absent negligence." As a result, the "common knowledge" exception does not apply and medical expert testimony is required. Because Plaintiff has failed to identify a medical expert, Plaintiff cannot make out her prima facie case of medical malpractice. Therefore, Defendant is entitled to summary judgment as to this issue.

## **CONCLUSION**

---

[29] *Graniger*, 1994 WL 496781 at *3.

[30] *Cf. Murphy v. Schwartz*, 739 S.W.2d 777 (Tenn. Ct. App. 1986) (medical expert testimony required where patient injured after falling from emergency room cot); *Tucker v. Metropolitan Government*, 686 S.W.2d 87 (Tenn. Ct. App. 1984) (medical expert testimony required where patient killed by car after awakening unattended on emergency room stretcher and fleeing hospital).

In light of Plaintiff's failure to make prima facie case under a premises liability theory of negligence, Defendant is entitled to summary judgment as to that claim. Likewise, Plaintiff has failed to identify a medical expert qualified to offer testimony about the elements of a prima facie case of medical malpractice as required by Tenn. Code Ann. § 29-26-115. Therefore, Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

        Date: September 11th, 2008.